Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4023 / 99 C 5001 | **DATE** | 6/21/2000 |
| **CASE TITLE** | Roy L. White vs. Financial Credit Corporation<br>Harold Bishop vs. Asset Acceptance Corporation, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 12 July 00 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' motion for class certification is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 2 2 2000 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | SB docketing deputy initials | 26 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 21 2000

Judge Harry D. Leinenweber
U.S. District Court

ROY L. WHITE,

            Plaintiff,

v.

FINANCIAL CREDIT CORPORATION,

           Defendant.

Case No. 99 C 4023

Judge Harry D. Leinenweber

Magistrate Judge Denlow

DOCKETED
JUN 22 2000

HAROLD BISHOP,

           Plaintiff,

v.

ASSET ACCEPTANCE CORPORATION,
and BRAD BRADLEY,

           Defendants.

Case No. 99 C 5001

Judge Elaine E. Bucklo

Magistrate Judge Levin

MEMORANDUM OPINION AND ORDER

The plaintiff seeks to represent a class of Illinois residents who were mailed collection letters that stated in substance that settlement of the debt sought to be collected will improve the debtor's credit rating. The gist of plaintiff's complaint is that such a promise is false because, if the debt had been reported by the creditor to a credit rating agency, the original delinquency will continue adversely to affect the debtor's credit rating. This false promise, according to plaintiff, violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq.

**DISCUSSION**

Defendants' first request is for the court to delay its ruling on class certification in order to permit defendants to file motions for summary judgment. However Rule 23(c) admonishes courts to decide the certification issue "as soon as practicable." *See, Nagel v. ADM Investor Services*, Nos. 99-3236 to 99-3240, 99-3513 to 99-3517, 2000 WL 726934, *11 (7th Cir. (Ill.) June 7, 2000). While the parties often agree to consider the merits before class certification, here the issue is fully briefed and there appears to be no good reason not to consider this class issue at this time.

Defendants next take issue with typicality and commonality. The basic thrust of their arguments is that the court would have to look into each class member's credit history to see if it was in fact improved because he paid off the debt. They contend that this would involve a determination whether the particular debtor was able to obtain credit that he might not have gotten but for the loan repayment. Defendants also argue that this lack of commonality and typicality prevents the plaintiffs from complying with Rule 23(b)(3) because individual defenses predominate.

Plaintiffs take issue with defendants' challenge to typicality, commonality and predominance. They argue that, once a debt has been reported to a credit reporting agency, payment to a debt collector will not meaningfully improve the debtor's credit rating; the fact that the debt was turned over to a debt collector,

even if subsequently settled, will remain on the credit report. In support they attach a report of an "expert" who states that the only way meaningfully to improve one's credit rating is to re-establish credit with a bank and develop a new credit history.

Since the court is not able to evaluate the merits of the case on a motion for class certification, the court believes that the plaintiffs have in fact established for the purpose of class certification typicality, commonality and predominance with one modification to their purposed class definition. If the original creditor did not report the debt to a credit rating agency it seems hard for the court to see how payment would not improve the debtor's credit rating. Presumably, if the debtor does not settle with the collection agency, the agency itself will report the debt which would impair the debtor's credit rating by making it worse. So the court will certify a class as follows: (1) all persons with Illinois addresses; (2) who were mailed a letter, in the form represented by Appendix A of plaintiffs motion; (3) on or after January 1, 1999; (4) in an attempt to collect a debt which can be determined to be a nonbusiness debt; (5) which had been reported to a credit rating agency prior to the mailing of the letter; and (6) which letter was not returned by the Postal Service.

The defendant, Financial Credit Corp., makes an additional argument against class certification in the *White* case. It contends, based on its small net worth and large class size, that

any recovery would be *de minimus*. A *de minimus* recovery does not automatically bar a class action. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997). Also at this point there are questions of fact as to the class size and the defendant's net worth. Therefore the court certifies the class in the *White* case also. The court can, at a later date, if the evidence is clear that only a *de minimus* recovery is possible, reconsider the issue and perhaps decertify the class in that case.

## **CONCLUSION**

Accordingly, the motion for class certification is granted. A class as defined above is certified.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: June 21, 2000